[ORAL ARGUMENT HELD ON JANUARY 14, 2014]

VIA CM/ECF

January 21, 2014

Clerk of the Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:   *Obaydullah v. Obama*, No. 13-5065

Dear Clerk:

    During the oral argument on January 14, 2014, Chief Judge Garland granted petitioner and appellant Obaydullah leave to file a supplemental letter listing legal authorities supporting Obaydullah's contention that his February 8, 2012 motion under Rule 60(b)(2) was timely to seek relief from the district court's November 30, 2010 judgment denying Obaydullah's petition for a writ of habeas corpus. *See* Brief of Appellant at 46; Reply Brief of Appellant at 31-32; SJA at 3584 (Obaydullah's reply in support of Rule 60(b)(2) motion). Here is the list of authorities:

1. *Derrington-Bey v. District of Columbia Department of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994) ("a timely Rule 59(e) motion deprives a judgment of finality").
2. *National Passenger Railroad Corp. v. Maylie*, 910 F.2d 1181, 1183-84 (3d Cir. 1990) (Rule 60(b)(2) motion was timely because judgment did not become final, and one-year limitation for Rule 60(b) motion did not begin to run, until district court denied motion for reconsideration).
3. *Hartzell v. Honda Motor Co.*, 1991 WL 50540 (10th Cir. Apr. 8, 1991, unpublished but "may be cited for [its] persuasive value" under 10th Cir. R. 32.1(A) and (C)) ("the time-period for Rule 60(b)'s one-year limitation begins to run when the Rule 59 motion is denied").
4. *Miltmore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685, 687-89 (6th Cir. 2005) (motion for attorney fees under Rule 54(d)(2)(B) – which, like Rule 60(b)(2), provides that the time to file a motion runs from the entry of judgment – is timely if filed within 14 days of district court's denial of timely filed Rule 59(e) motion).
5. *Weyant v. Okst*, 198 F.3d 311, 314-15 (2d Cir. 1999) (same as *Miltmore*).
6. *Members First Federal Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806, 807 (11th Cir. 2001) (same as *Miltmore*).
7. *Bailey v. County of Riverside*, 413 F.3d 1023, 1025 (9th Cir. 2005) (same as *Miltmore*).

Respectfully submitted this 21st day of January, 2014.

                  /s/ Lisa R. Jaskol

Lisa R. Jaskol (CA Bar #138769)
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Phone: 323-630-3038
Facsimile: 213-385-9089

Ranjana Natarajan (TX Bar No. 24071013)
THE UNIVERSITY OF TEXAS SCHOOL OF LAW
Civil Rights Clinic
727 East Dean Keeton Street
Austin, Texas 78705
Phone: 512-232-7222
Facsimile: 512-232-0800

Anne Richardson, Esq.
Dan Stormer, Esq.
Cindy Panuco, Esq.
HADSELL, STORMER, RICHARDSON & RENICK, LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3645
Phone: 626-585-9600
Facsimile: 626-577-7079

Jon B. Eisenberg
1970 Broadway, Suite 1200
Oakland, California 94612
Phone: 510-452-2581
Facsimile: 510-452-3277

David S. Ettinger
15760 Ventura Boulevard
Encino, California 91436
Phone: (818) 995-0800
Facsimile: (818) 995-3157

ATTORNEYS FOR PETITIONER AND APPELLANT
OBAYDULLAH

## CERTIFICATE OF SERVICE

      I, Lourdes A. Diaz, hereby certify that I today, January 21, 2014, caused a true and accurate copy of Petitioner and Appellant Obaydullah's post-oral argument letter dated January 21, 2014 to be filed electronically via the Court's Electronic Case Filing System, which will send notification of such filing to all counsel of record.

                                              <u>/s/Lourdes A. Diaz</u>
                                              Lourdes A. Diaz